Rose, J.,
with whom, Springer, C. J., agrees, dissenting:
The district court judge who sentenced Cameron did precisely what jurors are admonished not to do by placing himself in the shoes of the victim. The district judge also ignored all of the primary points to be considered at sentencing, except for the assessment of punishment. This sentence is excessive and unreliable, and thus should be reversed.
The district judge, who stated that he has a daughter and lives in Henderson, indicated that his paramount concern would be punishment if his daughter were victimized:
I[,] like Mr. Berrett [the prosecutor] and like the Wheelers[,] happen to be the father of a three year old daughter, and I also have a daughter who is seven years old. And I’ve asked myself what I would do if somebody would have done this to my daughter.
Like the Wheelers, I live in Henderson, so I feel to a large degree their big concern is punishment, as my big concern would be.
While this may be the forthright concern of a father upon speculating as to his emotional reaction if his daughter had been exposed to a lewd act, a judge has additional responsibilities beyond engaging in retributive speculation.
Jurors are instructed that they are not to place themselves in the victim’s shoes when deliberating, and this court has held that such an argument by a prosecutor is improper. See McGuire v. State, 100 Nev. 153, 158, 677 P.2d 1060, 1064 (1984) (reiterating that it is unacceptable for the prosecutor to request the jury to stand in the shoes of the victim). The district judge did just that in sentencing Cameron to the maximum possible sentence.
In doing this, the judge rejected the other factors that should normally be considered in sentencing, such as rehabilitation and the defendant’s potential future danger to society. The Division of Parole and Probation determined that Cameron was not a threat to society and was a strong candidate for rehabilitation. Independent medical experts confirmed that Cameron was not a pedophile and concurred in the Department’s recommendation. The district judge rejected this evidence and the Division’s sentencing recommendations out of hand, stating that “we’re not concerned with rehabilitation. We should be concerned about punishment.” When a judge violates the principles of sentencing, the sentence should be reversed just as we would if a jury had made such an error.
Cameron has never committed a felony and the Division, an entity that never shrinks from recommending a heavy sentence, *1285 recommended that Cameron receive a four-year suspended sentence and be granted probation. The State concurred. The district judge rejected all the evidence in Cameron’s favor, along with the recommendations made at sentencing. I view this as further evidence that the district judge was too personally involved in this case and thus the sentence is unreliable. Accordingly, I would reverse the case and remand for a new sentencing hearing.